# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JACK MOORE BAILEY, JR** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| **COMCAST OF LOUISIANA/ MISSISSIPPI/TEXAS, LLC, COMCAST OF ARKANSAS/LOUISIANA/MISSISSIPPI/ TENNESSEE, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC** | * | |

## NOTICE OF REMOVAL

**TO:** THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, BATON ROUGE DIVISION

TOM STAGG UNITED STATES COURT HOUSE
300 FANNIN STREET, SUITE 1167
SHREVEPORT, LOUISIANA 71101

**NOW INTO COURT**, through undersigned counsel, come Defendants, Comcast Cable Communications Management, LLC, Comcast of Louisiana/Mississippi/Texas, LLC and Comcast of Arkansas/Louisiana/Minnesota/Mississippi/Tennessee, LLC (improperly identified as Comcast of Arkansas/Louisiana/Mississippi/Tennessee, LLC) (hereinafter collectively "**Comcast**") who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 file this Notice of Removal of this case from the 1st Judicial District Court for the Parish of Caddo, in the State of Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division.

Comcast files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, vagueness, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity,

1

improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action. The grounds for removal are as follows:

## INTRODUCTION

1. On May 5, 2022, Plaintiff, Jack Moore, Bailey, Jr. ("Plaintiff"), filed a Petition for Damages, Injunctive Relief and Order to Remove Comcast's Lines from Blocking Plaintiff's Property (hereinafter "Petition") in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, entitled, *Jack Moore, Bailey, Jr v. Comcast of Louisiana/Mississippi/Texas, LLC, Comcast of Arkansas/Louisiana/Mississippi/ Tennessee, LLC, and Comcast Cable Communications Management, LLC,* No. 636912-B.

2. Plaintiff's lawsuit suit arises out of alleged damages he sustained as a result of Comcast's alleged trespassing on Plaintiff's property located at 2925 Moss Point Road in Shreveport (the "Property'), Louisiana. Petition at ¶¶ 2, 56 (**R. Doc. 1-1, pp. 4, 16**). Plaintiff alleges Comcast's line has been installed so low that it impedes access to his Property. *See generally* Petition at ¶¶ 17, 26, (**R. Doc. 1-1, pp. 9-10**). Thus, Plaintiff has been unable to: finish repairs and construction on his Property, use the Property for leisure activities, and sell or rent the Property. Petition at ¶¶ 28-29, (**R. Doc. 1-1, pp. 10-11**).

3. Thus, Plaintiff alleges that he is entitled to damages for loss of value, loss of use, lost rental, increased costs of repair, increased costs for the remaining construction, and lowered value of the property. Petition at ¶ 30 (**R. Doc. 1-1, p. 11**).

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendants in the action bearing the caption *Jack Moore, Bailey, Jr v. Comcast of Louisiana/Mississippi/Texas, LLC, Comcast of Arkansas /Louisiana/Mississippi/ Tennessee, LLC, and Comcast Cable Communications Management, LLC,* No. 636912-B is attached hereto as **Exhibit "A"**.

5. Comcast did not file an Original Answer in state court prior to removal, and thus, will file its initial responsive pleadings in accordance with Federal Rule of Civil Procedure 81(c).

## THE NOTICE OF REMOVAL IS TIMELY

6. On May 19, 2022, a copy of the Petition was delivered to the CT Corporation System. *See* (**R. Doc. 1-1, p. 1**).

7. This Notice of Removal is filed within thirty (30) days of service of the Petition on Comcast through its agent CT Corporation System on May 19, 222.

8. Moreover, Comcast files this Notice of Removal within one year of the commencement of this action, as required by 28 U.S.C. § 1446(c)(1). Accordingly, the removal of this action is timely. No previous application for removal has been made.

## BASIS FOR JURISDICTION IN THIS COURT

**A. Complete Diversity Exists Between the Parties**

9. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

   a. Plaintiff's Petition makes no express allegations as to Plaintiff's citizenship. However, Plaintiff alleges that he is the owner of immovable property located at 2925 Moss Point Road in the City of Shreveport, Louisiana. *See* Petition at ¶ 7 (**R. Doc. 1-1, p. 5**). Accordingly, upon information and belief, Plaintiff is a citizen of Louisiana for the purposes of diversity jurisdiction.

   b. For purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). All Defendants are citizens of Pennsylvania.

      i. **Comcast Cable Communications Management, LLC** is a single member Delaware limited liability company. Comcast Cable Communications, LLC is the sole member of Comcast Cable Communications Management, LLC.

3

Comcast Cable Communications, LLC is a single member Delaware limited liability company.  Comcast Holdings Corporation is the sole member of Comcast Cable Communications, LLC.  Comcast Holdings Corporation is a citizen of Pennsylvania because it is incorporated in the state of Pennsylvania and has its principal place of business in the state of Pennsylvania.[1]   Accordingly, currently and at the time the state court petition was filed, Comcast Cable Communications Management, LLC is and was a citizen of Pennsylvania.

ii. **Comcast of Louisiana/Mississippi/Texas, LLC** is a single member Delaware limited liability company.  Comcast Cable Communications, LLC is the sole member of Comcast of Louisiana/Mississippi/Texas, LLC.  Comcast Cable Communications, LLC is a single member Delaware limited liability company.  Comcast Holdings Corporation is the sole member of Comcast Cable Communications, LLC.  Comcast Holdings Corporation is a citizen of Pennsylvania because it is incorporated in the state of Pennsylvania and has its principal place of business in the state of Pennsylvania.  Accordingly, currently and at the time the state court petition was filed, Comcast of Louisiana/Mississippi/Texas, LLC is and was a citizen of Pennsylvania.

iii. **Comcast of Arkansas/Louisiana/Minnesota/Mississippi/Tennessee, LLC** (improperly identified in the state court petition as Comcast of Arkansas/Louisiana/Mississippi/Tennessee, LLC) is a single member

---

[1] For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

4

       Delaware limited liability company. Comcast Cable Communications, LLC is the sole member of Comcast of Comcast of Arkansas/Louisiana/Minnesota/Mississippi/Tennessee, LLC. Comcast Cable Communications, LLC is a single member Delaware limited liability company. Comcast Holdings Corporation is the sole member of Comcast Cable Communications, LLC. Comcast Holdings Corporation is a citizen of Pennsylvania because it is incorporated in the state of Pennsylvania and has its principal place of business in the state of Pennsylvania. Accordingly, currently and at the time the state court petition was filed, Comcast of Arkansas/Louisiana/Minnesota/Mississippi/Tennessee, LLC is and was a citizen of Pennsylvania.

   c. Because Plaintiff is a citizen of Louisiana, and because Defendants are citizens of a state other than Louisiana, complete diversity exists among the parties.

**B. The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs**

10. Fifth Circuit jurisprudence holds that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the Petition and this Notice of Removal establish that the requisite amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiff asserts he lost the use of his property as rental property for approximately nine (9) months as of the date of filing and that the rental value of the property is at least

5

*$5,000.00*. Petition at ¶ 45. (**R. Doc. 1-1, p. 14**) Thus, Plaintiff alleges he has *already lost over $45,000* of economic value and plaintiff *will continue to have a loss of rental value of approximately $5,000.00 a month* until Comcast removes their line..." *Id.*

12. Plaintiff also declares the Property is worth approximately **$500,000.00** and that he has been deprived of the profit and benefit of the funds he could have received from the rental and/or sale of this property as soon as the construction work had been completed which has been obstructed by Comcast. Petition at ¶ 46, (**R. Doc. 1-1, p. 14**) Plaintiff further states he is "*losing the use of approximately $500,000.00* because plaintiff did not have any mortgage, liens, or owe any debt on the Property." Petition at ¶ 47, (**R. Doc. 1-1, p. 14**)

13. Additionally, Plaintiff seeks damages for the increased cost of repair to the Property of *at least $50,000.00*. Petition at ¶ 48, (**R. Doc. 1-1, p. 14**). Plaintiff also seeks to recover damages for emotional distress. *Id.* at ¶ 66, (**R. Doc. 1-1, p. 18**).

14. Plaintiff does not allege that the amount in controversy is below $75,000, as is provided for under La. Code Civ. Proc. art. 893(A) to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."

15. While Comcast does not concede liability or any element of damages, Comcast submits that based on the allegations in Plaintiff's Petition, and the absence of any assertion by Plaintiff that his damages are below the $75,000.00, it cannot be disputed that that the amount of controversy exceeds $75,000.00 exclusive of interest and costs.

## PROCEDURE

16. A copy of this Notice of Removal is being served on the Plaintiff and will be filed into the record of the 1st Judicial District Court, Parish of Caddo, State of Louisiana.

17. As required by 28 U.S.C. § 1446(a), a copy of the entire state court record, including all process, pleadings, and orders served upon Defendants, is attached hereto as Exhibit "A".

18. Pursuant to the requirements of 28 U.S.C § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be promptly filed with the Clerk of Court of the 21st Judicial District for the Parish of Livingston, State of Louisiana, as provided by law. See Notice of Filing of Notice of Removal, attached as **Exhibit "B".**

19. Comcast requests a trial by jury on all issues.

20. Comcast reserves the right to amend or supplement this Notice of Removal as necessary.

This the 9th day of June, 2022.

        Respectfully submitted:

        **ADAMS AND REESE LLP**

        */s/Kellen J. Mathews*
        Kellen J. Mathews (#31860), T.A.
        Robert. L. Rieger, Jr. (#18404)
        Susan N. Eccles (#29847)
        Katelin Varnado (#35498)
        Taylor M. LeDuff (#39253)
        450 Laurel Street, Suite 1900
        Baton Rouge, Louisiana 70801
        Telephone: (225) 336-5200
        Facsimile: (225) 336-5220
        Email: kellen.mathews@arlaw.com
        Email: robert.rieger@arlaw.com
        Email: susan.eccles@arlaw.com
        Email: katelin.varnado@arlaw.com
        Email: taylor.leduff@arlaw.com

        *COUNSEL FOR COMCAST OF LOUISIANA/MISSISSIPPI/TEXAS, LLC, COMCAST OF ARKANSAS/LOUISIANA/ MINNESOTA/MISSISSIPI/TENNESSEE, LLC, AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon Plaintiff and all counsel of record via email, fax and/or depositing same in United States mail, properly addressed, and first-class postage prepaid this 9th day of June, 2022.

                                               _/s/Kellen J. Mathews_
                                                 Kellen J. Mathews